

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-16-00243-CR
_____

JUAN CASAS MEDELLIN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 221st District Court
Montgomery County, Texas
Trial Court No. 12-10-11393-CR, Honorable Lisa Michalk, Presiding

July 18, 2017

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Juan Casas Medellin (appellant) appeals his conviction for assault of a family member after a previous conviction for family violence. Three issues pend before us. They involve 1) the admission of evidence relating to a prior conviction and the contents of a jailhouse phone call and 2) the assessment of attorney's fees. We modify the judgment and affirm it as modified.[1]

---

[1] Because this appeal was transferred from the Ninth Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this court. *See* TEX. R. APP. P. 41.3.

*Background*

Appellant returned to his abode late from a party after ingesting alcoholic beverages. There he encountered Amalia Guasoson, the woman he was living with at the time. A fight ensued between the two about his desire to drive to Galveston and over his car keys. When Guasoson refused to relinquish them, he grabbed her by the arm and pushed her to the floor hard enough for her to injure her back, and this was the version of events she imparted to medical personnel after being taken to the hospital.

Guasoson would later testify that she sustained the injury after tripping and falling rather than appellant pushing her to the ground. So too would she testify that appellant never drove while intoxicated. This led the State to proffer evidence tending to rebut those comments, and that evidence lies at the heart of appellant's complaints.

*Admission of Prior Conviction*

The first issue we address is that wherein appellant argues the trial court erred in admitting evidence of his prior conviction for driving while intoxicated.

The standard of review is abused discretion. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016). A trial court abuses its decision when the decision falls outside the zone of reasonable disagreement. *Id.* And, if correct under any applicable theory of law, the decision "will not be disturbed even if the trial court gave a wrong or insufficient reason for the ruling." *Id.*

Regarding the argument that the State may offer evidence of an extraneous offense to correct a false impression only if the false impression is created by questioning conducted by the defendant, we say the following. The grounds underlying

2

appellant's objection at trial were 1) "[w]ell, just note my objection to any—that the prejudice that would be shown by that is outweighed by any benefit that might be—that will taint this jury against this Defendant about something that happened before she even met this man," 2) the witness "doesn't have personal knowledge," 3) "that is [an] extraneous offense," and 4) "those old DWIs are so old that it is not during the time that they have been together."[2]  As can be seen, nothing was said of the defense being the only party that may broach the issue.  Because it was not mentioned below and the grounds raised on appeal must comport with those uttered at trial, it was not preserved. *Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016) (stating that "[i]f a trial objection does not comport with arguments on appeal, error has not been preserved").

Regarding the argument that the State could not impeach its own witness, we say the following.  Not only was that not mentioned within the objections mentioned at trial, but also any party may attack the credibility of a witness, including the party that called him.  TEX. R. EVID. 607 (West 2016); *Hughes v. State*, 4 S.W.3d 1, 5 (Tex. Crim. App. 1999).  So, Rule 607 afforded the State the ability to impeach its own witness.

Regarding the argument that the State called Guasoson simply as a means of admitting otherwise inadmissible evidence, we say the following.  While undergoing examination by the State about the circumstances leading to the assault and fight over the car keys, Guasoson twice declared that appellant never drove while drunk.  The State believed the utterance created a false impression of appellant since it had evidence of his being convicted for driving while intoxicated.  Leave was sought from the court to correct that false impression by asking if the witness knew of the conviction.

---

[2] Appellant does not complain here about the absence of personal knowledge or the age of the convictions.

3

The trial court initially denied the request. After a renewed request on the part of the State, the trial court observed the following; 1) the witness "made some unequivocal type statements that he [appellant] has her heart and he is a good guy and he doesn't ever drink and drive," 2) "I don't think it was elicited by the State," 3) "I don't think they tried to open their own door," and 4) "[i]n fact, she blurted that out not in response to the question." Thus, it granted the State permission to ask.

The record can be reasonably interpreted as supporting the trial court's observations. Furthermore, it is difficult to deny that the State had a legitimate and permissible reason to call Guasoson despite knowing that she may change aspects of her testimony. Indeed, she was not only the victim of the crime but also the only witness (other than appellant) to the facts leading to her injury and accusations of assault. And, the State was delving into those legitimate areas when the witness "blurted . . . out" her unsolicited comment that created the false impression. So, concluding that the State did not call her simply to interject inadmissible evidence via impeachment falls within the zone of reasonable agreement. In other words, it may well be, as argued by appellant, that a court may err in "allow[ing] the State to admit impeachment evidence for the primary purpose of placing evidence before the jury that was otherwise inadmissible." *Hughes v.* State, 4 S.W.3d at 5. Yet, here, the circumstances before the trial court were enough for it to conclude that the primary purpose for impeaching Guasoson was not simply to place inadmissible evidence before the jury but rather to correct a false impression she unilaterally created. *See Kelley v. State*, No. 05-15-00545-CR, 2016 Tex. App. LEXIS 3764, at *16-17 (Tex. App.—Dallas Apr. 12, 2016, pet. ref'd) (mem. op., not designated for publication)

4

(concluding that the trial court did not err in permitting the State to impeach its witness with otherwise inadmissible evidence because it had a legitimate purpose for calling the witness and elicited favorable admissible testimony aside from impeachment). It short, the trial court did not abuse its discretion in permitting the State to ask Guasoson if she knew of appellant's prior conviction for driving while intoxicated.

*Jailhouse Call*

Appellant next contends that the trial court erred in admitting the recording of phone calls placed by appellant to Gausoson from jail. The substance of the calls was not objectionable to appellant. Rather, he sought to have the trial court redact reference to the call being placed from jail. The court's refusal to do that serves as the basis of his complaint. Including that reference was tantamount to sitting the accused before the jury in prison garb or restraints, which is impermissible. We overrule the issue.

To the extent that a court has said that a defendant may not be presented to the jury in physical restraints, jail clothing, or other indicia of guilt, *Oliver v. State*, 999 S.W.2d 596, 599 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd), reference to the locale from which the calls were placed was fleeting. Indeed, as held by the Beaumont Court of Appeals, "[b]rief views of a restrained or jail-clothed defendant do not require reversal." *Young v. State*, No. 09-06-00429-CR, 2007 Tex. App. LEXIS 5864, at *3 (Tex. App.—Beaumont July 25, 2007, pet. ref'd) (mem. op., not designated for publication). "Reversal occurs only in cases where the defendant is restrained or forced to wear jail clothing throughout the trial, or where a restraint system hampers communication with counsel." *Id.* at *5. Hearing from whence the calls were placed

without more is not sufficient to place our circumstance into the class encompassed in *Oliver.*

*Court-Appointed Attorney's Fees*

By his third issue, appellant contends that the trial court abused its discretion by assessing $7,362 in court-appointed attorney's fees against appellant. The State concedes the issue. We sustain it and will modify the judgment to remove the assessment.

The judgment of the trial court is modified to delete the assessment of $7,362 in attorney's fees against appellant. As modified, the judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.